UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ASHLEY NABBEFELD,

                                Plaintiff,

    v.

THE CHILDREN'S PLACE, INC. and HORIZON
HEALTHCARE SERVICES, INC. d/b/a HORIZON
BLUE CROSS BLUE SHIELD OF NEW JERSEY

                                Defendants.

Case No.

# COMPLAINT

Plaintiff Ashley Nabbefeld, for complaint against Defendant The Children's Place, Inc. and Horizon Healthcare Services, Inc. d/b/a Horizon Blue Cross Blue Shield of New Jersey, states as follows:

## INTRODUCTION

Ashley Nabbefeld is a former employee and participant in a group health plan sponsored and maintained by her former employer, The Children's Place, Inc. ("Children's Place"). Children's Place hired Horizon Blue Cross Blue Shield of New Jersey ("Horizon") to administer benefits under the group health plan. As plan sponsor and plan administrator, Children's Place owes certain fiduciary duties to plan participants, including Nabbefeld. Similarly, as an administrator with discretionary power under the group health plan, and as the entity that denied claims in this case, Horizon also owes certain fiduciary duties to plan participants, including Nabbefeld.

This case dates to December 2016 when Nabbefeld had a two-level spinal fusion surgery. Her surgical provider submitted a claim to the group health plan through Horizon. Horizon denied the claim and the provider appealed. No further benefits were paid.

Horizon issued a new explanation of benefits form on October 5, 2018. In December 2018, Nabbefeld wrote to Children's Place and also wrote separately to Horizon. She requested plan documents and other plan information from Children's Place and requested her claim file from Horizon. She sought information about why her surgical claims were denied and why her providers were not being paid. Children's Place and Horizon both ignored Nabbefeld's December 2018 letters. Her counsel then wrote to Horizon on April 16, 2019 requesting a response and information. Horizon ignored that letter. Counsel then wrote to both Children's Place and Horizon by letter dated September 19, 2019. Both companies ignored those letters too.

Nabbefeld, a single mother of four young children, owes over $100,000 from the surgical procedures and the follow up care. She no longer works for Children's Place and has no access to the benefit plan in effect in December 2016. Nabbefeld is now in collections and cannot get the fiduciaries of her benefit plan, Children's Place and Horizon, to respond with information about her plan or her claims. Under ERISA, Nabbefeld is entitled to receive the information she has requested in order to challenge the merits of the adverse benefit determination and to try to avoid the significant medical debt she owes as a result of these defendants' claim denials. These fiduciaries have breached the duties each owes to Nabbefeld by ignoring her requests and refusing to provide information.

This action is necessary to force these defendants to comply with their duties under ERISA to provide information to a participant who has requested plan documents from the plan administrator and claim file documents from the claim administrator. ERISA provides for daily penalties when a plan administrator fails or refuses to respond to a written participant request for plan documents or information. Nabbefeld is also entitled to maximum daily penalties under ERISA and its regulations for these defendant fiduciaries' willful non-compliance with the statute

## JURISDICTION AND VENUE

1. Plaintiff Ashley C. Nabbefeld ("Plaintiff") is a citizen of the State of Wisconsin residing in Franksville, Racine County, Wisconsin.

2. Defendant The Children's Place, Inc. ("Children's Place") is a specialty retailer of children's apparel with its principal place of business in Secaucus, New Jersey. It is a citizen of the State of New Jersey but has retail locations in southeastern Wisconsin in this judicial district, including at Southridge Mall, Brookfield Square Mall, and Bayshore Mall.

3. Defendant Horizon Healthcare Services, Inc. d/b/a Horizon Blue Cross Blue Shield of New Jersey ("Horizon") is an insurance corporation headquartered in Newark, New Jersey. Horizon is a citizen of and domiciled in the State of New Jersey.

4. The Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and 29 U.S.C. §1331 provide for federal jurisdiction over the claims for relief in this complaint.

3

Case 2:19-cv-01472-WED   Filed 10/08/19   Page 3 of 13   Document 1

5. Venue is proper in this judicial district because Plaintiff resides in and received benefits from the Plan in this district, the breaches described herein occurred in this district, and ERISA provides for relief in the judicial district in which the participant resides.

## FACTUAL ALLEGATIONS

6. At all times relevant to this Complaint, Children's Place sponsored and maintained a group health benefit plan (the "Plan") for its employees and their dependents.

7. At all times relevant to this Complaint, Children's Place was the plan administrator of the Plan.

8. At all times relevant to this Complaint, Children's Place contracted with Horizon to assist with plan administration and to administer health and medical benefits under the Plan.

9. At all times relevant to this Complaint, Horizon had discretionary authority to make claim determinations under the Plan.

10. At all times relevant to this Compliant, claim appeals and requests for information about claims and appeals under the Plan were to be sent to Horizon.

11. Children's Place, as plan administrator, and Horizon, as a party with discretion under the Plan, are fiduciaries under the Plan and each owes fiduciary duties to Plan participants.

12. Plaintiff was a participant in the Plan while employed as a store manager at Children's Place's Southridge Mall location.

4

13. While a participant in the Plan, Plaintiff or her medical providers on her behalf submitted claims for benefits under the Plan related to medical services provided to Plaintiff.

14. One of Plaintiff's claims under the Plan related to surgery in December 2016.

15. Horizon received benefit claims from Plaintiff or her providers related to the December 2016 medical services provided to Plaintiff and follow-up services related to that claim.

16. Horizon adjudicated or processed Plaintiff's claims.

17. Horizon denied Plaintiff's claims in part, including making an adverse determination that surgery was not medically necessary.

18. As a result of Horizon's claims decisions, the Plan refused to pay for certain claims, including the December 2016 surgery.

19. Plaintiff or her medical provider on her behalf timely appealed the adverse benefit determinations.

20. Horizon upheld its adverse benefit determinations on internal appeal.

21. On October 5, 2018, Horizon issued another explanation of benefits form related to the December 2016 surgery to Plaintiff.

22. By letter dated December 7, 2018, Plaintiff wrote to Horizon asking for plan documents and other relevant information about her claim and the denial. A true and correct copy of the letter Plaintiff sent to Horizon is attached hereto as Exhibit 1.

23. By letter dated December 7, 2018, but sent on December 18, 2018 (hereinafter referred to by the mailing date of December 18, 2018), Plaintiff wrote to

Children's Place asking for plan documents and other relevant information about her claim and the denial. Plaintiff did not keep a copy of the signed letter, but a true and correct copy of the letter (unsigned) that she sent on December 18, 2018 is attached hereto as Exhibit 2.

24. Plaintiff never received a response to Exhibits 1 and 2 that she sent in December 2018.

25. By letter dated April 16, 2019, Plaintiff's counsel wrote to directly to Horizon asking for the same plan documents and other relevant information about her claim that Plaintiff had requested in December 2018. A true and correct copy of Plaintiff's counsel's April 16, 2019 letter is attached hereto as Exhibit 3.

26. Horizon never responded to Plaintiff's counsel's April 16, 2019 letter.

27. By letter dated September 19, 2019, Plaintiff's counsel wrote to both Children's Place and Horizon again demanding compliance with their fiduciary duties to respond to the Plan participant's request for information. A true and correct copy of that letter is attached hereto as Exhibit 4.

28. Neither Children's Place nor Horizon responded to Plaintiff's counsel's September 19, 2019 letter. Defendants refuse to provide any of the requested plan documents or relevant information.

29. Plaintiff still does not have a copy of the Plan documents she requested, and still does not have a copy of the relevant information she requested from Horizon about the claim denial.

**COUNT I – FAILURE TO PROVIDE PLAN DOCUMENTS**

30. Plaintiff incorporates paragraphs 1-29 as though fully set forth herein.

31. ERISA § 502(c) requires plan administrators to respond within 30 days to participants or beneficiaries who request in writing plan documents that govern the operation or administration of an ERISA plan.

32. In her December 18, 2018 letter, Plaintiff requested all relevant documents from Children's Place, including specifically stating:

- "I request a copy of all relevant documents, including communications with Horizon regarding my health benefits or payments requested by my medical providers."

- "I request a copy of the benefit plan in effect at the time of the denied services on December 16, 2016."

33. Counting three days for mailing, Children's Place should have provided the plan documents by January 22, 2019.

34. Children's Place failed to respond.

35. Children's Place has also failed to respond to Plaintiff's counsel's September 19, 2019 letter.

36. Children's Place still has not produced a copy of the requested Plan or SPD.

37. This delay has caused harm to Plaintiff who is now in collections from providers who were not paid from the Plan.

38. ERISA provides for a penalty of $100 per day, and the federal regulations implementing the statue provide for $110 per day for each day a plan administrator refuses to provide requested documents.

39. Children's Place has offered no justification for delaying the production of plan documents, and has offered no justification for not producing the Plan or SPD in effect when Horizon denied Plaintiff's claims.

40. Under these circumstances, penalties at the maximum allowed by law are warranted.

**COUNT II - FAILURE TO PROVIDE RELEVANT CLAIM FILE DOCUMENTS**

41. Plaintiff incorporates paragraphs 1-40 as though fully set forth herein.

42. Defendants have documents in their possession or control that are relevant to Plaintiff's adverse benefit determinations.

43. Plaintiff made specific written demand on Horizon for relevant documents about her claim and the adverse benefit determination on December 7, 2018, April 16, 2019, and September 19, 2019.

44. Defendants have failed and refuse to provide any documents.

45. Defendants refuse to even acknowledge receipt of correspondence from Plaintiff or her counsel.

46. Defendants made adverse benefit determinations, which triggered the appeal rights and document disclosure requirements under ERISA's regulations and under the Plan when Plaintiff specifically requested the Plan documents and the relevant information about the claim denial.

47. Defendants' refusal to provide relevant documents violates ERISA § 502(c)(1)(B) because Plaintiff requested the information in writing following an adverse benefit determination and ERISA §109(c) specifies that the documents she

requested are the types of documents prescribed by the Secretary of Labor in the regulations that must be produced by the plan administrator upon written request.

48. ERISA provides for a penalty of $100 per day, and the federal regulations implementing the statue provide for $110 per day for each day a plan administrator fails to provide the requested documents. Plaintiff first requested the claim file documents by letter dated December 7, 2018 to Horizon, and then followed up on April 16, 2019 and September 19, 2019.

49. Each day that Defendants fail and refuse to produce the relevant documents is a day that Plaintiff is unable to understand her rights under the Plan, what information and documents Defendants relied upon, what other information might exist in Defendants possession or control that contradicts the claim denial conclusions, what interpretations Defendants made in reading documents in connection with the claim denial, what they discussed between each other in connection with Plaintiff's claim.

50. Defendants refusal to produce the documents to allow Plaintiff access to the same information they have deprives Plaintiff the opportunity to determine whether Defendants are wrong. Meanwhile, every day is another day Plaintiff suffers from having massive medical debt.

51. Children's Place contracts with Horizon to administer claims under its plan, encourages and requires its participants to communicate with Horizon about claims, and therefore, as plan administrator, is ultimately is responsible for Horizon's timely compliance with participant requests for information regarding claims and appeals.

9

Case 2:19-cv-01472-WED    Filed 10/08/19    Page 9 of 13    Document 1

## COUNT III FAILURE TO OFFER A FULL AND FAIR REVIEW

52. Plaintiff re-alleges paragraphs 1-51 as though fully set forth herein.

53. The federal regulations implementing the ERISA statute provide, in relevant part: "The term 'adverse benefit determination' means any of the following: a denial, reduction, or termination of, or a failure to provide or make payment (in whole or in part) for, a benefit, . . ."

54. Horizon's determination not to pay certain claims, including surgery deemed "not medically necessary" is a "denial, reduction, or termination of, or a failure to make payment (in whole or in part) for a benefit," and therefore, was an "adverse benefit determination."

55. ERISA regulates the appeal process for adverse claim determinations. Those regulations provide, in relevant part: "Appeal of adverse benefit determination – **(1) Every employee benefit plan shall establish and maintain a procedure by which a claimant shall have a reasonable opportunity to appeal an adverse benefit determination to an appropriate named fiduciary of the plan, and under which there will be a full and fair review of the claim and the adverse benefit determination. (2) Full and fair review**. . . . **[A] plan will not be deemed to provide a claimant with a reasonable opportunity for a full and fair review of a claim and adverse benefit determination unless the claims procedures** – (1) provide claimants with at least 60 days following receipt of a notification of an adverse benefit determination within which to appeal the determination; (ii) Provide claimants with the opportunity to submit written

comments, documents, records, and other information relating to the claim for benefits; (iii) **Provide that a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits. Whether a document, record, or other information is relevant to a claim for benefits shall be determined by reference to paragraph (m)(8) of this section."**

56. Paragraph (m)(8) of ERISA's regulations provides, in relevant part, "A document, record, or other information shall be considered relevant to a claimant's claim if such document, record, or other information (i) Was relied upon in making the benefit determination; (ii) Was submitted, considered, or generated in the course of making the benefit determination, (iii) Demonstrates compliance with the administrative process and safeguards required . . . ."

57. In addition to ERISA's requirements, and on information and belief because Defendants have refused to send any documents, the terms of the Plan and SPD's produced require each Defendant to fulfill the both the above standards and additional duties.

58. Defendants' failures to produce requested information they are compelled by law to produce are willful and deliberate and have caused harm and prejudice to Plaintiff who is now in collections.

59. Without the requested plan and claim file documents, Plaintiff cannot meaningfully appeal or challenge the denial in court.

60. Injunctive relief is both appropriate and necessary to compel both Defendants to comply with the terms of ERISA, its regulations, and with the terms of the Plan.

WHEREFORE, Plaintiff Ashley C. Nabbefeld requests the following relief:

A. For relief against The Children's Place under ERISA § 502(a)(1)(a) and 502(c)(1)(B) for penalties of $110 per day from January 22, 2019 until produced for its failure as plan administrator to provide requested plan documents in the time allowed by law following Plaintiff's written request;

B. For relief under ERISA § 502(a)(1)(a) and (c)(1)(B) for penalties of $110 per day from January 10, 2019 until produced from The Children's Place for Horizon's -- its hired service provider -- failure to provide documents and information in the time allowed by law following Plaintiff's written request for those documents and information the Secretary of Labor has prescribed, including reports, statements, or documents deemed "relevant" to an adverse benefit determination and the documents and information relating to the decision as Plaintiff believes are promised by the Plan;

C. For appropriate equitable relief under ERISA § 502(a)(3) to redress both Defendants' violation of ERISA, the ERISA regulations, their fiduciary duties, and the terms of the Plan governing the right of participants and beneficiaries to enjoy full and fair appeal rights following adverse benefit determinations. Plaintiff seeks an order 1) compelling Defendants to produce the requested plan documents and relevant claim file information and 2) tolling any contractual limitations period under the Plan.

D. For attorney fees and costs under ERISA § 502(g).

|  |  |
|---|---|
| Date: October 8, 2019 | **ASHLEY C. NABBEFELD**<br><br>By her attorneys,<br><br>**SALBERG TUFFNELL LAW S.C.**<br><br>_____/s/_____<br>John B. Tuffnell<br>Wis. Bar No. 1047261<br>790 N Milwaukee Street Suite 200<br>Milwaukee, WI  53202<br>john@tuff-law.com<br>(414) 550-2296 |